IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHARLIE HACKER            )
                          )
        Plaintiff,        )
                          )
v.                        )        Case No. 6:05-03367-CV-S-DW
                          )
JO ANNE BARNHART,         )
COMMISSIONER OF           )
SOCIAL SECURITY,          )
                          )
        Defendant.        )

ORDER

Plaintiff Charlie Hacker seeks judicial review on a final decision of Defendant

Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and

supplemental security income. Judicial review is now appropriate. See 42 U.S.C. §§ 1381 et

seq.

The complete facts and arguments are presented in parties' briefs, and consequently will

be duplicated herein only to the extent necessary. After examining the entire record, the Court

AFFIRMS the Commissioner's decision for the reasons set forth below.

I.        Standard of Review

The Court's review is limited to determining whether the Commissioner applied the

correct standard of law and whether the Commissioner's findings of fact are supported by

substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188

F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the

existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel,

173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly

detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

II.     Analysis

Plaintiff first argues that the ALJ improperly evaluated his credibility. The Commissioner may discount subjective complaints when there are inconsistences in the evidence as a whole. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2003). In this case, the ALJ articulated the inconsistencies upon which he relied in discrediting Plaintiff's subjective complaints and these inconsistencies are supported by the record. Accordingly, the ALJ's credibility finding is affirmed.

Second, Plaintiff argues that the ALJ improperly relied on vocational expert (VE) testimony regarding sit/stand options and propounded an invalid residual functional capacity. In support, Plaintiff argues that the hypothetical question posed to the VE was improper. A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the resolved and accepted as true by the ALJ. Guilliams, 393 F.3d at 804. Because the VE was presented with a proper hypothetical question, her testimony that there were a significant amount of jobs that Plaintiff could perform, despite his limitations, constitutes substantial evidence supporting the ALJ's finding that Plaintiff was not disabled. Id. Accordingly, the ALJ's decision is affirmed.

III.    <u>Conclusion</u>

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole.  Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

IT IS SO ORDERED

<u>/s/ DEAN WHIPPLE</u>
Dean Whipple
United States District Judge

DATE: April 13, 2006